**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Dolores Eileen Elgrably, | No. CV-17-04760-PHX-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Dolores Eileen Elgrably's ("Plaintiff") Motion for Attorneys' Fees. (Doc. 20). The Commissioner has responded. (Doc. 22). The Court now rules on the motion.

When Plaintiff first filed for disability insurance benefits, the Social Security Administration's ("SSA") Administrative Law Judge ("ALJ") denied her claim. (Doc. 20-2 at 1). On appeal, this Court vacated the ALJ's decision and ordered Plaintiff's case remanded to the SSA for further administrative proceedings. (Doc. 14 at 27). Thereafter, the ALJ found Plaintiff disabled and awarded her benefits. (Doc. 20-2 at 2).

After the decision in Plaintiff's favor, this Court awarded her $6,560.72 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), (Doc. 19), and the SSA has set aside 25 percent of the past-due benefits awarded, $22,812.50, for a potential further attorneys' fee award. (Doc. 20-3 at 8). Plaintiff's counsel seeks that full amount under 42 U.S.C. § 406(b). (Doc. 21 at 4).[1]

---

[1] Plaintiff's counsel is not seeking fees for time spent before the SSA under 42 U.S.C. § 406(a). (Doc. 21 at 4).

A court entering judgment in favor of a social security claimant represented by counsel "may determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (emphasis added). Although "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may take a downward departure from the amount due under a fee agreement "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. A court can also "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.* (citing *Gisbrecht*, 535 U.S. at 808). "Because the SSA has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

The $22,812.50 fee is reasonable under *Gisbrecht*. First, the fee agreement in this case provides that Plaintiff's counsels' fee shall equal 25 percent of the total amount of past-due benefits awarded—"the 'most common fee arrangement between attorneys and Social Security claimants.'" *Crawford*, 586 F.3d at 1147–48 (quoting *Gisbrecht*, 535 U.S. at 800). Second, nothing in the record indicates that Plaintiff's counsel exhibited anything other than excellent representation. Indeed, the Court found in Plaintiff's favor on three of the four issues raised in her appeal. (Doc. 14 at 6–27). Third, the requested fees will not result in a windfall. Dividing the requested fee by the 32.70 hours that counsel worked on the case before this Court nets an hourly rate of $697.63, a figure that (while on the higher side) is within the range of reasonability in Social Security cases. *Kellogg v. Astrue*, No. CV 09-00982-PHX-JAT, 2013 WL 5236638, at *2 (D. Ariz. Sept. 17, 2013) (lowering § 406(b) fee award to reflect a rate of $750 an hour in order to render the request reasonable); *see also Crawford*, 586 F.3d at 1152 (reasoning that a contingency fee award should

account for the risk that no benefits will be awarded at all). Furthermore, when offset by the EAJA award, Plaintiff will ultimately pay only $16,251.78 in § 406(b) fees.

Therefore,

IT IS ORDERED that Plaintiff's Motion for Attorneys' Fees (Doc. 20) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's counsel must refund the EAJA fee award to Plaintiff as the smaller of the two fee awards. *Gisbrecht*, 535 U.S. at 796.

Dated this 12th day of June, 2020.

James A. Teilborg
Senior United States District Judge